## SALE OF MORTGAGED LIFE ESTATE.

[Circuit Court of Wood County.]

Charles W. Sherman and Lester D. Hill v. Hattie May Sherman.

Decided, April 25, 1903.

*Life Estate—Covered by a Mortgage—And Yielding an Income Insufficient to Pay Taxes and Necessary Improvements—Expenses of Sale—And of Reinvestment of Proceeds—How Distributed.*

S, as the owner of a life estate which was under mortgage, petitioned for its sale and a reinvestment of the proceeds, on the ground that the taxes and necessary improvements exceeded the income. The court ordered a sale and appointed a trustee to reinvest the fund, directing that the costs, plaintiff's attorneys' fees, taxes due, and a fee to the guardian *ad litem* should be paid out of the fund, but refused to order that the present value of the mortgage be ascertained and the amount paid out of the fund, although directing that the amount due the mortgagee be paid out of the income arising from the fund, prior to the payment of any other claim or lien, except the cost of investing and caring for the fund.

*Held:* There is no authority of law for the payment out of the fund of the costs in such a case, or a fee to plaintiff's attorney, or the taxes, unless after a forfeiture is declared. The fee to the guardian *ad litem* was properly paid.

Haynes, J. (orally); Parker, J., and Hull, J., concur.

In this case a petition in error was filed by the plaintiffs in error to reverse the judgment of the court of common pleas, the general ground alleged being that the court erred in rendering judgment against the plaintiffs in error, Lester D. Hill and Charles W. Sherman, and in favor of the defendant in error, Hattie May Sherman.

The petition of Charles W. Sherman in the court of common pleas sets forth that his father died having made a will, and had willed to him for life certain real estate, about eighty acres of land, with remainder over to the heirs of his body. He had one child, Hattie May Sherman, the defendant. Sherman had with all reasonable promptitude mortgaged his life estate to Lester D. Hill, and Hill comes in by way of answer and cross-

petition and sets up his note and mortgage. The plaintiff in his petition sets forth that operation of the land under his life estate is not profitable, that the taxes and improvements thereon required are high, so that it yields nothing to him, and can be in its present condition of no value to the owner of the remainder; that from the rents it can not be kept in repair with the necessary ditches, taxes and improvements, and is therefore depreciating in value, and he prays that the land may be ordered sold, and the proceeds invested under order of the court in accordance with the statute in such case, and averring that it would be no injury to the person holding the remainder in doing so.

After a hearing an order was made by the court of common pleas that a sale be made, and the plaintiff was appointed to make the sale, and a sale was made and the money was turned into court, and is there now. The petition also prayed that the present value of the mortgage given by Sherman be ascertained, and the same ordered paid out of the fund; the court refused to do that, and thereupon the plaintiff filed his petition in error.

We think the court is perfectly right in doing that; that it was a wise thing to do, and further that we do not find any provision in any statute that would authorize a court of common pleas to make an order of that kind, and so far as we can see, the court would have no authority to do so  The statute provides that the money made by the sale be invested in such and such a form. A sale was made and a certain party was appointed as trustee to take charge of the fund and make the investment  That was under the provision of the statute all right. The court further directs that certain payments be made, that the amount found due the defendant, Hill, upon his note and mortgage set forth in his answer, be paid out of the income arising from said fund prior to the payment of any claim or lien, except the costs of investing the same.

The court has done one thing, which is not alleged as error, but I will call attention to it, for so far as we know there is no law for the order that is made. The court has ordered the appointment of a trustee, that he shall give bond, and then when the bond is given to the clerk of the court "the amount of said fund

remaining to which said trustee may be entitled, after retaining the costs of this action, including a fee for plaintiff's attorney and also a fee for the guardian *ad litem* heretofore allowed, which costs are taxed at $101.30, and the taxes due on the land amounting to $26.75; and it is hereby further ordered that after the payment of said money due the said L. D. Hill on his note and mortgage the subsequent income arising from said fund be paid to said plaintiff, Charles W. Sherman after deducting such costs and expenses as shall be allowed said trustee,'' etc.   Now the tenant for life is bound to keep the taxes paid, else he forfeits his life estate, and further we know of no authority for paying the plaintiff's attorney fee in this case; nor do we know of any law that the costs of the court be paid out of the fund, or the taxes, unless they should be paid after a forfeiture is made.   The fee of the guardian *ad litem* should be paid out of the fund.

The whole thing is carried through here at the expense of this girl, a minor.   The plaintiff, and Hill, the owner of the mortgage, are not out a cent.   The sale is made for the benefit of the plaintiff, and upon his petition, and we know of no reason why he should not pay his own attorney fee and why he should not pay the costs of the suit, or why the mortgagee should not pay the taxes, or the whole amount should be forfeited.   I do not care to have the matter pass by this court without entering our views upon the question.

The judgment of the court of common pleas so far as his order appointing a trustee to invest the funds and refusing to find the present value of the mortgage and pay it, is affirmed. ·

*P. J. Chase,* for plaintiffs in error.

*E. G. McClelland,* for defendant in error.